1  MARK A. SAMUELS (S.B. #107026)
   msamuels@omm.com
2  BRIAN M. BERLINER (S.B. #156732)
   bberliner@omm.com
3  RYAN K. YAGURA (S.B. #197619)
   ryagura@omm.com
4  ALAN D. TSE (S.B. #266273)
   atse@omm.com
5  O'MELVENY & MYERS LLP
   400 South Hope Street
6  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6000
7  Facsimile: (213) 430-6407

8  Attorneys for Plaintiffs

ORIGINAL FILED
2010 APR 14 A 9 54
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD., a Taiwanese corporation; TPV INTERNATIONAL (USA), INC., a California corporation; TPV ELECTRONICS (FUJIAN) CO., LTD., a Chinese corporation; TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD., a Chinese corporation; and ENVISION PERIPHERALS, INC., a California corporation,

    Plaintiffs,

  v.

HITACHI, LTD., a Japanese corporation; INPRO LICENSING SARL, a Luxembourg SARL,

    Defendants.

Case No. 10 1579 CRB

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD., TPV INTERNATIONAL (USA), INC., TPV ELECTRONICS (FUJIAN) CO., LTD., TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD., and ENVISION PERIPHERALS, INC. (collectively, "Plaintiffs"), for their claims for relief herein against defendants HITACHI, LTD. and INPRO LICENSING SARL, aver as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability of eighteen United States patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

2. In their Claim for Relief, Plaintiffs seek a judicial declaration that Plaintiffs' television products do not infringe United States Patent Nos. 5,502,497; 5,534,934; 5,828,417; 6,037,995; 6,057,812; 6,185,228; 6,304,236; 6,388,713; 6,549,243; 6,600,870; 6,639,588; 6,686,895; 6,693,966; 7,012,769; 7,089,342; 7,286,310; 7,475,180; and 7,475,181 (the "PATENTS-IN-SUIT") and/or that the PATENTS-IN-SUIT are invalid or unenforceable.

3. This Court has original jurisdiction over the Claim for Relief under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §1391(b) and (d). Plaintiffs TPV INTERNATIONAL (USA), INC. and ENVISION PERIPHERALS, INC. are California corporations. Plaintiff ENVISION PERIPHERALS, INC. has its headquarters in Alameda County, California. This action includes patent-based declaratory judgment claims arising from conduct occurring in or directed to Alameda County.

## INTRADISTRICT ASSIGNMENT

5. This is an Intellectual Property Action and shall therefore be assigned on a district-wide basis in accordance with Local Rule 3-2(c).

- 1 -    COMPLAINT FOR DECL. JUDGMENT

## PARTIES

6. Plaintiff TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD. is, and at all times material hereto was, a corporation organized and existing under the laws of Taiwan with its principal place of business in Zhounghe City, Taiwan.

7. Plaintiff TPV INTERNATIONAL (USA), INC. is, and at all times material hereto was, a corporation organized and existing under the laws of the State of California with its principal place of business in Austin, Texas.

8. Plaintiff TPV ELECTRONICS (FUJIAN) CO., LTD. is, and at all times material hereto was, a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in Fuqing City, China.

9. Plaintiff TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD. is, and at all times material hereto was, a corporation organized and existing under the laws of the People's Republic of China with its principal place of business in Fuqing City, China.

10. Plaintiff ENVISION PERIPHERALS, INC. is, and at all times material hereto was, a corporation organized and existing under the laws of the State of California with its principal place of business in Fremont, California.

11. On information and belief, defendant HITACHI, LTD. ("HITACHI") is, and at all times material hereto was, a corporation organized and existing under the laws of Japan.

12. On information and belief, defendant INPRO LICENSING SARL ("INPRO") is, and at all times material hereto was, an SARL organized and existing under the laws of the Luxembourg.

## CLAIM FOR RELIEF

13. Plaintiffs repeat and incorporate here the allegations of paragraphs 1 through 12 of this complaint.

14. On information and belief, HITACHI claims to be the owner or the exclusive licensee of the eighteen PATENTS-IN-SUIT:

U.S. Patent No. 6,057,812, issued May, 2, 2000, and titled "Image Display Apparatus Which Both Receives Video Information And Outputs Information About Itself," a true and correct copy which is attached hereto as **Exhibit A**;

U.S. Patent No. 6,304,236, issued October 16, 2001, and titled "Display Apparatus For Adjusting The Display Image Using A Control Signal From An External Computer," a true and correct copy of which is attached hereto as **Exhibit B**;

U.S. Patent No. 6,639,588, issued October 28, 2003, and titled "Image Display Apparatus," a true and correct copy of which is attached hereto as **Exhibit C**;

U.S. Patent No. 6,686,895, issued February 3, 2004, and titled "Display Unit For Displaying An Image Based On A Video Signal Received From A Personal Computer Which Is Connected To An Input Device," a true and correct copy of which is attached hereto as **Exhibit D**;

U.S. Patent No. 7,089,342, issued August 8, 2006, and titled "Method Enabling Display Unit To Bi-Directionally Communicate With Video Source," a true and correct copy of which is attached hereto as **Exhibit E**;

U.S. Patent No. 7,475,180, issued January 6, 2009 and titled "Display Unit With Communication Controller And Memory For Storing Identification Number For Identifying Display Unit," a true and correct copy of which is attached hereto as **Exhibit F**; and

U.S. Patent No. 7,475,181, issued January 6, 2009 and titled "Display Unit With Processor And Communication Controller Which Communicates Information To The Processor," a true and correct copy of which is attached hereto as **Exhibit G**; and

1         U.S. Patent No. 5,502,497, issued March 26, 1996 and titled "Television Broadcasting Method And System Enabling Picture Broadcasting From The Transmitting Equipment To The Receiving Equipment Using Alternative Broadcasting System Standards," a true and correct copy of which is attached hereto as **Exhibit H**; and

        U.S. Patent No. 5,534,934, issued July 9, 1996 and titled "Television Receiver Capable Of Enlarging And Compressing Image," a true and correct copy of which is attached hereto as **Exhibit I**; and

        U.S. Patent No. 5,828,417, issued October 27, 1998 and titled "Television Receiver With On Screen Display For Reserving Programs To Be Recorded Or Viewed," a true and correct copy of which is attached hereto as **Exhibit J**; and

        U.S. Patent No. 6,037,995, issued March 14, 2000 and titled "Broadcasting And Communication Receiver Apparatus," a true and correct copy of which is attached hereto as **Exhibit K**; and

        U.S. Patent No. 6,185,228, issued February 6, 2001 and titled "Receiving Apparatus For Digital Broadcasting Signal And Receiving/Recording/Reproducing Apparatus Thereof," a true and correct copy of which is attached hereto as **Exhibit L**; and

        U.S. Patent No. 6,388,713, issued May 14, 2002 and titled "Image Display Apparatus, And Method To Prevent Or Limit User Adjustment Of Displayed Image Quality," a true and correct copy of which is attached hereto as **Exhibit M**; and

        U.S. Patent No. 6,549,243, issued April 15, 2003 and titled "Digital Broadcast Receiver Unit," a true and correct copy of which is attached hereto as **Exhibit N**; and

        U.S. Patent No. 6,600,870, issued July 29, 2003 and titled "Input-Output Circuit, Recording Apparatus And Reproduction Apparatus For

1  Digital Video Signal," a true and correct copy of which is attached hereto as
2  **Exhibit O**; and

3  U.S. Patent No. 6,693,966, issued February 17, 2004 and titled
4  "Transmitting And Recording Method, Reproducing Method, And Reproducing
5  Apparatus Of Information And Its Recording Medium," a true and correct copy of
6  which is attached hereto as **Exhibit P**; and

7  U.S. Patent No. 7,012,769, issued March 14, 2006 and titled
8  "Digital Information Recording/Reproducing Apparatus," a true and correct copy of
9  which is attached hereto as **Exhibit Q**; and

10  U.S. Patent No. 7,286,310, issued October 23, 2007 and titled
11  "Apparatus For Receiving Compressed Digital Information," a true and correct
12  copy of which is attached hereto as **Exhibit R**.

13  15. On information and belief, INPRO is a co-owner, licensee, or
14  licensing agent with respect to the PATENTS-IN-SUIT, or otherwise claims an
15  interest therein.

16  16. Defendants HITACHI and INPRO (collectively "Defendants")
17  have accused Plaintiffs of infringing the PATENTS-IN-SUIT by Plaintiffs'
18  manufacture and sale of televisions in the United States, and have threatened to
19  bring an action against Plaintiffs under 35 U.S.C. §§ 271(a), (b) and/or (c) alleging
20  that Plaintiffs have infringed the PATENTS-IN-SUIT by Plaintiffs' manufacture
21  and sale of television products.

22  17. Plaintiffs deny that they have infringed, or have contributed to
23  or actively induced infringement of any valid and enforceable claim of any of the
24  PATENTS-IN-SUIT through their manufacture and sale of television products.
25  Therefore, an actual and justiciable controversy exists between Plaintiffs and
26  Defendants regarding infringement, validity, and enforceability of the PATENTS-
27  IN-SUIT. This actual and justiciable controversy arises under federal patent law.

28  18. Plaintiffs seek a declaratory judgment that they have not

infringed, contributed to, or actively induced such infringement of the PATENTS-IN-SUIT by any of their actions and/or a declaratory judgment that the PATENTS-IN-SUIT are invalid and/or unenforceable.

19. A judicial declaration is necessary and appropriate at this time pursuant to 28 U.S.C. § 2201, so that Plaintiffs may ascertain their rights and duties with respect to the PATENTS-IN-SUIT.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor as follows:

1. For a judicial declaration that the PATENTS-IN-SUIT, and each of them, are not and have not been infringed by Plaintiffs, and that the same are invalid and/or unenforceable;

2. That the Court determine that this is an extraordinary case and award Plaintiffs their attorneys' fees and litigation expenses under 28 U.S.C. § 1927, 35 U.S.C. § 285, and any other applicable statute or rule; and

3. That the Court award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: April 14, 2010

MARK A. SAMUELS
BRIAN M. BERLINER
RYAN K. YAGURA
ALAN D. TSE
O'MELVENY & MYERS LLP

By: *Mark A. Samuels/AT*
Mark A. Samuels
Attorneys for Plaintiffs

- 6 -      COMPLAINT FOR DECL. JUDGMENT