Jill F. Kopeikin (SBN: 160792)
jill.kopeikin@dechert.com
**DECHERT LLP**
2440 W. El Camino Real
Suite 700
Mountain View, CA 94040-1499
Tel: +1 650 813 4800
Fax: +1 650 813 4848

Attorneys for Defendants
HITACHI, LTD. and INPRO LICENSING SARL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD, a Taiwanese corporation; TPV INTERNATIONAL (USA), INC., a California corporation; TPV ELECTRONICS (FUJIAN) CO., LTD., a Chinese corporation; TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD., a Chinese corporation; and ENVISION PERIPHERALS, INC., a California corporation,

Plaintiffs,

v.

HITACHI, LTD., a Japanese corporation; INPRO LICENSING SARL, a Luxembourg SARL,

Defendants.

Case No. CV-10-1579-CRB

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Date: September 10, 2010
Time: 10:00 a.m.
Judge: Charles R. Breyer
Place: Courtroom:8, 19th Floor

# TABLE OF CONTENTS

NOTICE OF MOTION .......... 1

RELIEF SOUGHT .......... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. INTRODUCTION .......... 1

II. ISSUES TO BE DECIDED .......... 2

III. RELEVANT FACTS .......... 2

IV. ARGUMENT .......... 5

A. Dismissing This Action Is Required Under Rule 12(b)(1) .......... 5

1. Rule 12(b)(1) Requires Dismissal For Lack Of Subject Matter Jurisdiction .......... 5

2. Neither Defendant Has Standing To Defend This Action; Therefore, This Action Is Devoid Of A Case Or Controversy .......... 8

B. Dismissal of Inpro Is Required under Rule 12(b)(2) .......... 10

1. Rule 12(b)(2) Requires Dismissal For Lack Of Personal Jurisdiction .......... 10

2. TPV Has Failed To Allege A *Prima Facie* Basis For Personal Jurisdiction And Cannot Show That General Or Specific Jurisdiction Exists As To Inpro .......... 11

V. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**CASES**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
160 F.3d 1373 (Fed. Cir. 1998) ........ 10

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
223 F.3d 1082 (9th Cir. 2000) ........ 12

*Billingsley v. C.I.R.*,
868 F.2d 1081 (9th Cir. 1989) ........ 5

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ........ 10, 11

*China Healthways Inst., Inc. v. Hsin Ten Enter. USA, Inc.*,
67 U.S.P.Q. 2d 1561 (C.D. Cal. Mar. 12, 2003) ........ 13

*Crown Die & Tool Co. v. Nye Tool & Machine Works*,
261 U.S. 24 (1923) ........ 6

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) ........ 12

*Elecs. for Imaging, Inc. v. Coyle*,
340 F.3d 1344 (Fed. Cir. 2003) ........ 12

*Enzo APA & Son, Inc. v. Geapag A.G.*,
134 F.3d 1090 (Fed. Cir. 1998) ........ 7, 8, 9

*Fields v. Sedgwick Associated Risks, Ltd.*,
796 F.2d 299 (9th Cir. 1986) ........ 11

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
466 U.S. 408 (1984) ........ 10

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ........ 10, 13

*LeDuc v. Ky. Cent. Life Ins. Co.*,
814 F. Supp. 820 (N.D. Cal. 1992) ........ 13

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ........ 6

*Mediostream, Inc. v. Priddis Music, Inc.*,
No. C 07-2127-PJH, 2007 WL 2790686 (N.D. Cal. Sept. 24, 2007) ........ 13

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.*,
240 F.3d 1016 (Fed. Cir. 2001) ..... 6

*Mill Creek Press, Inc. v. Thomas Kinkade Co.*,
3:04-CV-1213-G, 2004 WL 2607987 (N.D. Tex. Nov. 16, 2004) ..... 13

*Newmatic Sound Sys., Inc., v. Magnacoustics, Inc.*,
No. C 10-00129-JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010) ..... 7, 8, 9

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
320 F.3d 1354 (Fed. Cir. 2003) ..... 5

*Paradise Creations, Inc. v. UV Sales, Inc.*,
315 F.3d 1304 (Fed. Cir. 2003) ..... 5, 9

*Pieczenik v. Dyax Corp.*,
265 F.3d 1329 (Fed. Cir. 2001) ..... 13

*Prasco, LLC v. Medicis Pharm. Corp.*,
537 F.3d 1329 (Fed. Cir. 2008) ..... 6, 9

*Samsung Elecs. Co., Ltd. v. Rambus, Inc.*,
523 F.3d 1374 (Fed. Cir. 2008) ..... 5

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
402 F.3d 1198 (Fed. Cir. 2005) ..... 6, 9

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ..... 10, 11, 12

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
427 F.3d 971 (Fed. Cir. 2005) ..... 6

*Silent Drive, Inc. v. Strong Indus., Inc.*,
326 F.3d 1194 (Fed. Cir. 2003) ..... 10

*Skelly Oil Co. v. Phillips Petroleum Co.*,
339 U.S. 667 (1950) ..... 6

*Von Grabe v. Sprint PCS*,
312 F. Supp. 2d 1285 (S.D. Cal. 2003) ..... 11

*Z-Line Designs, Inc. v. Bell'O Int'l, LLC*,
218 F.R.D. 663 (N.D. Cal. 2003) ..... 13

**STATUTES**

35 U.S.C. § 271(a) ..... 9

35 U.S.C. § 281 ........ 5

Cal. Code of Civ. Pro. § 410.10 ........ 10

**NOTICE OF MOTION**

ALL PARTIES AND THEIR ATTORNEYS OF RECORD.

PLEASE TAKE NOTICE THAT at 10:00 a.m., on September 10, 2010, or as soon thereafter as the matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants HITACHI, LTD., a Japanese corporation, and INPRO LICENSING SARL, a Luxembourg SARL, will move for an order dismissing this action.

This Motion is supported by Defendants' Memorandum of Points and Authorities in Support of this Motion, all pleadings and documents on file with this Court, the supporting declarations of Jill Kopeikin, Tesuro Yokoo, and Michael Spiro, any reply memoranda that may be filed in support of the present motion, the argument of counsel, and any documentary or oral evidence which may be presented at the time of hearing. A proposed order granting this Motion is filed herewith.

**RELIEF SOUGHT**

Defendants Hitachi, Ltd. ("Hitachi") and Inpro Licensing SARL ("Inpro") move jointly to dismiss this declaratory judgment action filed by Plaintiffs Top Victory Electronics (Taiwan) Co.; Ltd; TPV International (USA), Inc.; TPV Electronics (Fujian) Co., Ltd.; Top Victory Electronics (Fujian) Co., Ltd.; and Envision Peripherals, Inc., (collectively, "TPV").[1] Specifically, Defendants seek an order dismissing this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Inpro also moves under Federal Rule of Civil Procedure 12(b)(2) for a dismissal for lack of personal jurisdiction.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Hitachi and Inpro move jointly to dismiss this declaratory judgment action filed by TPV. This action seeks a declaration of patent noninfringement, invalidity, and unenforceability. Yet

[1] On information and belief, the entities referred to here collectively as "TPV" are an interrelated group of companies that together comprise one of the world's largest television manufacturers.

dismissal is required because TPV failed to name any defendant with an ownership interest or an exclusive license under any of the patents in-suit, and this omission means that this action is devoid of a case or controversy and thus not justiciable under Article III of the U.S. Constitution. That is, no subject matter jurisdiction exists here. Moreover, a defect of subject matter jurisdiction is incurable because a declaratory judgment plaintiff seeking an adjudication under U.S. patent law is required to name at least one defendant who is an owner or exclusive licensee of the patent(s) in question at the outset for a court to have jurisdiction. Therefore, Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) should be granted. Additionally, dismissal as to Inpro is warranted under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## II. ISSUES TO BE DECIDED

1. Whether a declaratory judgment plaintiff has standing to sue for a declaration of patent noninfringement, invalidity, and unenforceability where none of the named defendants own any of the patents-in-suit or have an exclusive license under those patents;

2. Whether a declaratory judgment plaintiff could even cure a lack of Article III jurisdiction where neither the patent owner nor an exclusive licensee was named as a defendant when the case was filed; and

3. Whether this Court can exercise jurisdiction over Inpro absent sufficient minimum contacts with the forum state.

## III. RELEVANT FACTS

TPV filed, but did not serve, the instant declaratory judgment action against Hitachi and Inpro on April 14, 2010. *See* Doc. 1. According to the initial Complaint, TPV sought a declaration that the following eighteen U.S. patents are not infringed, are invalid, and are unenforceable: U.S. Patent Nos. 5,502,497; 5,534,934; 5,828,417; 6,037,995; 6,057,812; 6,185,228; 6,304,236; 6,388,713; 6,549,243; 6,600,870; 6,639,588; 6,686,895; 6,693,966; 7,012,769; 7,089,342; 7,286,310; 7,475,180; and 7,475,181. Doc. 1 at ¶ 2. When TPV filed this declaratory judgment action, TPV was already defending a patent infringement action in the Eastern District of Texas ("EDTX"), pending since December 23, 2008, wherein TPV is accused

of infringing seven of the ***same patents***. *See* Declaration of Jill Kopeikin ("Kopeikin Decl.") at Ex. A (the "EDTX Action").[2] The EDTX Action, filed by third-party Mondis Technologies, Ltd. ("Mondis"), made clear that Mondis owns the right, title, and interest in and to the patents at issue in the EDTX action. *See id.* ¶ 11. The EDTX Action is still pending in relation to the same or similar television products that are the subject of these proceedings.[3] The EDTX Action involves ten patents, including the following seven that TPV initially included in this declaratory judgment action: U.S. Patent Nos. 6,057,812; 6,304,236; 6,639,588; 6,686,895; 7,089,342; 7,475,180; and 7,475,181 (the "Mondis Patents"). *See id.* ¶¶ 21-100. TPV was fully aware that these seven Mondis Patents were owned by Mondis, ***not*** Hitachi or Inpro, when TPV filed the instant action.

About two weeks after filing this action, TPV filed its First Amended Complaint for Declaratory Judgment. *See* Doc. 7. In its amended pleading, TPV dropped the Mondis Patents from the eighteen patents-in-suit. *See id.* The Mondis Patents that TPV dropped are the ones that had been asserted against TPV by the actual patentee in the EDTX Action nearly two years ago. *See* Kopeikin Decl. at Ex. A. Therefore, the instant action now asks this Court to make determinations regarding the following eleven U.S. Patent Nos.: 5,502,497; 5,534,934; 5,828,417; 6,037,995; 6,185,228; 6,388,713; 6,549,243; 6,600,870; 6,693,966; 7,012,769; and 7,286,310 ("patents-in-suit"). *See* Doc. 7 ¶ 2.

TPV alleges that Hitachi and Inpro either co-own or are exclusive licensees under these eleven patents. Doc. 7 ¶¶ 14-15. And TPV named Hitachi and Inpro as the sole defendants in this action. But neither Hitachi nor Inpro owns or holds an exclusive license under ***any*** of the

---

[2] Exhibit A to the Kopeikin Decl. is the Third Amend. Cmplt, filed in Mondis Technology Ltd v. Top Victory Electronics (Taiwan) Co. Ltd.; TPV Int'l (USA), Inc.; Envision Peripherals, Inc.; Top Victory Electronics (Fujian) Co. Ltd.; TPV Electronics (Fujian) Co. Ltd.; AOC International; and TPV Technology Ltd, Civil Case No. 2:08-cv-478 (E.D. Tex.).

[3] In fact, when TPV filed this declaratory judgment action, TPV also filed another declaratory judgment action in the Northern District of California against Mondis and Inpro in relation to the Mondis Patents and TPV's television products. TPV then applied to the EDTX to transfer the EDTX Action to this district. Those efforts failed. A copy of the Memorandum and Order of the EDTX dated July 29, 2010, denying TPV's renewed motion to transfer the EDTX Action, is Exhibit F to the Kopeikin Decl. After that Order was entered, TPV voluntarily dismissed the improvident action.

patents-in-suit. All but one of the patents-in-suit are owned by Hitachi Consumer Electronics Co., Ltd. ("HCE") of Japan; and one patent, 6,388,713, is owned jointly by HCE and Hitachi Advanced Digital, Inc. ("HAD"). *See* Kopeikin Decl. at Ex. B ¶¶ 5, 11.[4] HCE has had a joint interest in the 6,388,713 patent and owned all of the other patents-in-suit since July 1, 2009—nearly a year before TPV filed the instant action.[5] *Id*. HCE acquired its rights, title, and interest in and to the patents-in-suit through a Demerger Plan governed by Japanese law. *Id.* ¶¶ 6-11. HAD has owned the joint interest in the 6,388,713 patent even longer. *Id.* ¶ 11. Therefore, Hitachi, Ltd. has not owned any interest in any of the patents-in-suit since July 1, 2009, before the instant lawsuit was filed. *Id.* ¶ 9. Inpro has never owned any interest in any of these patents. *Id.* ¶¶ 5-11; *see also* Kopeikin Decl. at Ex. C.[6]

The patents-in-suit, owned entirely by HCE and HAD, involve the same products at issue in the EDTX Action in which TPV has been involved for over nineteen months. And recently, HCE and HAD, the owners of the patents at issue here, filed suit against TPV in that same district for infringement. *See* Kopeikin Decl. at Ex. D.[7] Here, TPV acted precipitately, suing the wrong parties in an unseemly "race" to be the first to file an action. Under governing law,

---

[4] Exhibit B to the Kopeikin Decl. is the Declaration of Tetsuro Yokoo with exhibits. This declaration is submitted solely for the purpose of supporting the instant Motion to Dismiss by establishing the actual ownership of the patents-in-suit. The declarant does not waive any objections that Mr. Yokoo, HCE, and HAD may have to this Court exercising personal jurisdiction over them in this or any other action.

[5] The USPTO website that records some patent assignments (available at http://assignments.uspto.gov/assignments/?db=pat) incorrectly suggests that Hitachi assigned the patents-in-suit to HCE on May 25, 2010. May 25, 2010 is the date when the record of the assignments was filed with the USPTO. But Hitachi made the assignments pursuant to the July 1, 2009 Demerger Plan, as described in Mr. Yokoo's Declaration. *See* Kopeikin Decl. at Ex. B ¶¶ 6-11. The transfer of all rights to the patents-in-suit was confirmed in a Recordable Confirmation of Assignment dated July 15, 2010, which is attached to Mr. Yokoo's Declaration as Exhibit 2.

[6] Exhibit C to the Kopeikin Decl. is the Declaration of Michael Spiro. This declaration is submitted solely for the purpose of supporting the instant Motion to Dismiss by establishing the actual ownership of the patents-in-suit. The declarant does not waive any objections that Mr. Spiro and Inpro may have to this Court exercising personal jurisdiction over them in this or any other action.

[7] Exhibit D to the Kopeikin Decl. is the Complaint filed in Hitachi Consumer Electronics Co., Ltd. and Hitachi Advanced Digital, Inc. v. Top Victory Electronics (Taiwan) Co. Ltd.; TPV Int'l (USA), Inc.; Envision Peripherals, Inc.; Top Victory Electronics (Fujian) Co. Ltd.; TPV Electronics (Fujian) Co. Ltd.; AOC International; and TPV Technology Ltd, Civil Case No. 2:10-cv-260 (E.D. Tex.).

however, the failure to name the correct parties at the outset of this action cannot be cured and thus TPV cannot, as a matter of law, pursue the instant action.

## IV. ARGUMENT

### A. Dismissing This Action Is Required Under Rule 12(b)(1)

#### 1. Rule 12(b)(1) Requires Dismissal For Lack Of Subject Matter Jurisdiction

Subject matter jurisdiction is fundamental and cannot be waived. *Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989) (citations omitted). This is because Article III, Section 2 of the Constitution limits the jurisdiction of federal courts to those lawsuits that present an actual "case" or "controversy." Absent a case or controversy, a district court must dismiss the complaint. *See Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 523 F.3d 1374, 1378 (Fed. Cir. 2008) (remanding with instructions to dismiss where district court entertained action devoid of case or controversy); *see also* Fed. R. Civ. P. 12(b)(1). "Standing to sue or defend is an aspect of the case-or-controversy requirement," *id.*, and litigants can raise defects in standing as a basis for dismissal at any stage of a lawsuit. *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1367 (Fed. Cir. 2003).

Article III requires that a plaintiff have standing to sue when a lawsuit is initiated, which a plaintiff shows by alleging each of the following: (i) that it has suffered an injury in fact, which is an invasion of a legally protected interest; (ii) that there is a causal connection between the injury and the conduct complained of; and (iii) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). In patent cases, only the "patentee" has a statutory right to bring an action for infringement. *See* 35 U.S.C. § 281 (2004). As the Supreme Court explained almost 90 years ago:

> Both at law and in equity, either the owner of the patent at the time of the past infringement, or the subsequent owner of the patent who is at the same time the assignee of the claims for past infringement, must be a party to a suit for damages for the past infringement. If the owner of the patent when the infringements took place has assigned his patent to one, and his claims for damages for infringement to another, then the latter cannot sue at law at all but must compel his assignor of the claims to sue for him. In equity both such

> assignor and the assignee who is the real party in interest must join as plaintiffs. Such assignor is a necessary party and a bill for accounting and damages is fatally defective otherwise.

*Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24, 44 (1923) (citations omitted). Since *Crown Die & Tool* was decided, courts have expanded the concept of standing to sue in patent infringement cases to exclusive licensees. *See, e.g., Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). But only patent owners, their assignees, and their exclusive patent licensees have standing to sue for infringement. *Id.*; *see also Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001) (holding that plaintiff did not have standing to bring patent infringement claim without joining the patent owner).

In the ordinary course, where the plaintiff files an action for patent infringement, the Federal Circuit has held that "if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing. . . . " *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citing *Paradise Creations*, 315 F.3d at 1309). Similar rules govern declaratory judgment actions because the Declaratory Judgment Act (the "Act") does not confer an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Instead, a declaratory judgment plaintiff may rely on the Act only if the court otherwise has jurisdiction over the underlying dispute. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008).

The proper test for subject matter jurisdiction in a declaratory relief action is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). That is, for a case or controversy to exist under Article III, "the dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' 'real and substantial,' and 'admi[t] of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Prasco*, 537 F.3d at 1335-36 (quoting *MedImmune*, 549 U.S. at 126).

In short, the case or controversy requirement cannot be satisfied if the patent owner/exclusive licensee is not a party at the outset. And a district court must dismiss a declaratory judgment action brought by a plaintiff seeking a declaration of patent noninfringement, invalidity, or unenforceability where the party sued is neither the patent owner nor the exclusive licensee of the patent owner. *See Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1091 (Fed. Cir. 1998) (dismissing case where "controversy began . . . , when [the accused infringer as plaintiff] brought an action for declaratory judgment against [defendant], seeking a judgment of patent invalidity and noninfringement. . . .").

*Enzo* is the dispositive case here. In *Enzo*, the plaintiffs had brought a declaratory judgment action for patent noninfringement and invalidity against the defendants, none of whom were owners or exclusive licensees at the time the suit was filed. *Id.* at 1091-92. Having prevailed on the merits before the district court, the defendants argued on appeal that they had sufficient ownership rights to defend against the declaratory judgment claims that had been made against them. *Id.* at 1092-94. The Federal Circuit, however, rejected all of their arguments, including the contention that they had become virtual assignees through an assignment concluded *nunc pro tunc* while the litigation was pending. *Id.* at 1093-94. And because the Federal Circuit found the defendants "to be without standing for failing to join the patentee," it also found that "the [district] court lacks jurisdiction over [the plaintiff's] declaratory judgment claims . . . ." *Id.* at 1094.

Another judge in this same district recently applied *Enzo* in adjudicating a motion similar to the instant Motion to Dismiss for lack of subject matter jurisdiction. *See Newmatic Sound Sys., Inc., v. Magnacoustics, Inc.*, No. C 10-00129-JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010).[8] In *Newmatic Sound*, this Court granted the defendant's motion to dismiss after assessing the scope of its jurisdiction over a declaratory judgment action originally filed against a party that did not own the patent-in-suit—as is the case here. *Id.* at *2. And the Court considered the identical issues presented here: "(1) whether, in the absence of the correct party named as defendant, the action presents an Article III case or controversy and (2) whether subsequent

[8] The opinion is Exhibit E to the Kopeikin Decl.

amendment to the complaint may cure the original defect in standing." *Id.* The Court correctly concluded that a district court must dismiss a declaratory judgment complaint "where the party sued is neither the patent owner [n]or the exclusive licensee of the patent owner." *Id.* at *3 (citing *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1091 (Fed. Cir. 1998)).

As the *Newmatic Sound* Court explained, in bringing a declaratory judgment action involving patent rights, the Federal Circuit requires that "the plaintiff must have standing to sue the defendant at the ***inception*** of the lawsuit." *Id.* (emphasis added). Therefore, the Court in *Newmatic Sound* held that an amendment adding the true patentee (filed before the motion to dismiss had been adjudicated) could not cure the jurisdictional defect; the case had to be dismissed. *Id.* at *4 (citing *Schreiber Foods*, 402 F.3d at 1203; *Enzo*, 134 F.3d at 1093-94).[9]

In sum, where a declaratory judgment plaintiff in a patent case fails to name as a defendant an owner or exclusive licensee of the patent, the district court must dismiss the complaint for want of Article III standing.

2. Neither Defendant Has Standing To Defend This Action; Therefore, This Action Is Devoid Of A Case Or Controversy

TPV has sued two parties that have no ownership interest whatsoever in the patents-in-suit, seeking a declaration of noninfringement, invalidity, and unenforceability. *See* Kopeikin Decl. at Exs. B & C. Therefore, Article III standing is absent and TPV's lawsuit must be dismissed.[10]

---

[9] Apparently, in *Newmatic Sound*, the plaintiff originally sued only Magnacoustics based on defense counsel's misrepresentation that the inventor's company, and not the inventor, owned the patent at issue. *See Newmatic Sound*, 2010 WL 1691862, *4. Nevertheless, the Court recognized that it was "compelled to dismiss for lack of subject matter jurisdiction." *Id.* That is, even equitable considerations do not change the calculus. *A fortiori*, this case, where no such equitable concerns exists, must be dismissed under *Enzo*.

[10] TPV's claims regarding the patents-in-suit can, in any event, be addressed in an action filed by the actual owners of these patents: HCE and HAD. Indeed, HCE and HAD has sued TPV for infringement of these patents in the EDTX. *See* Kopeikin Decl. at Ex. D. Moreover, the EDTX is the proper forum for resolving TPV's claims because a related patent infringement action against TPV, involving the same products, has been pending in that district since December 2008. *See* Kopeikin Decl. at Exs. A & F. Further, the EDTX lawsuit was the first filed by parties with standing to pursue claims under the patents-in-suit.

Had Hitachi or Inpro filed a lawsuit against TPV for infringing the patents-in-suit, that lawsuit would clearly be outside the scope of any federal court's Article III jurisdiction. In such a hypothetical, this Court would lack jurisdiction because neither Hitachi nor Inpro owns any interest in any of the patents such that either can allege a legally cognizable injury, *i.e.*, that TPV has invaded a legally protected right to exclude others from making, using, or selling the inventions covered by the patents-in-suit. *See Paradise Creations,* 315 F.3d at 1310; *see also* 35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefore, infringes the patent.").

Just as Hitachi and Inpro would lack standing to sue for infringement, they lack standing to defend against TPV's claims of patent noninfringement, invalidity, and unenforceability. And dismissal is the only proper way to remedy this jurisdictional defect. *See Enzo*, 134 F.3d at 1091.

Whatever TPV's subjective belief may have been regarding the ownership of the patents-in-suit is immaterial because subject matter jurisdiction is assessed based on an objective standard, focusing on the patentee's actual legal rights. Similarly, TPV's subjective or speculative belief that ***some*** entity might assert its rights vis-à-vis the patents-in-suit against TPV does not mean that an actionable case or controversy exists here. *See Prasco, LLC*, 537 F.3d at 1339 (stating that "a case or controversy must be based on a real and ***immediate*** injury or threat of future injury that is ***caused by the defendants***—an objective standard that cannot be met by a purely subjective or speculative fear of future harm") (emphasis retained). Nor can TPV create subject matter jurisdiction by trying to join the actual owner of the patents-in-suit at this juncture. *See Newmatic Sound*, 2010 WL 1691862, *3. Constitutional standing in patent cases must exist at the case's inception, and a post-filing joinder of a party with standing cannot be employed to create a justiciable case or controversy retroactively. *Schreiber Foods*, 402 F.3d at 1203; *see*

*also Enzo APA & Son, Inc.*, 134 F.3d at 1093-94.

**B. Dismissal of Inpro Is Required under Rule 12(b)(2)**

1. Rule 12(b)(2) Requires Dismissal For Lack Of Personal Jurisdiction

Under Federal Circuit law, this Court cannot exercise personal jurisdiction over Inpro. Because "personal jurisdiction in a declaratory action for patent invalidity and non-infringement is intimately related to patent law," Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc*., 326 F.3d 1194, 1201 (Fed. Cir. 2003) (citations omitted). The Federal Circuit, like other federal courts, assesses personal jurisdiction by deferring to the forum state's interpretation of its long-arm statute. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998). The "forum state" here is California. California broadly grants jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States." Cal. Code of Civ. Pro. § 410.10. Because California's long-arm statute is as broad as the Constitution, the only applicable inquiry here is the one dictated by the U.S. Supreme Court's interpretation of what comports with due process.

Because neither Defendant resides in California, due process requires that each has certain "minimum contacts" with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). And such minimum contacts must generally be purposeful. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("purposefully established minimum contacts" remains the "constitutional touchstone") (internal quotations omitted). A plaintiff may show that purposeful minimum contacts are sufficient to exercise either "general" or "specific" jurisdiction over a defendant. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). But "general jurisdiction" exists only where the defendant's contacts with the forum state are "continuous and systematic." *Id.* at 418 (finding "mere purchases, even if occurring at regular intervals, are not enough" to establish general jurisdiction). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v.*

*Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). By contrast, "specific jurisdiction" attaches when (1) a non-resident purposefully directs its activities towards forum residents; (2) the action arises out of or results from the defendant's forum contacts; and (3) the forum's exercise of jurisdiction would not be unreasonable. *Burger King*, 471 U.S. at 477-478.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff (here, TPV) bears the burden of establishing a *prima facie* basis for personal jurisdiction. *Schwarzenegger*, 374 F.3d at 800. To carry its burden, TPV must produce admissible evidence, which, if believed, would be sufficient to establish the existence of personal jurisdiction. *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1297 (S.D. Cal. 2003) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Moreover, only the plaintiff's actual showing regarding jurisdictional facts—not assertions of legal conclusions, unsupported by competent facts—can satisfy its burden. *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).

2. TPV Has Failed To Allege A Prima Facie Basis For Personal Jurisdiction And Cannot Show That General Or Specific Jurisdiction Exists As To Inpro

TPV's Complaint does not include ***any*** specific allegations suggesting a basis for exercising personal jurisdiction over Inpro. In TPV's First Amended Complaint, the only allegation related to venue is the following:

> Venue is proper in this district under 28 U.S.C. § 1391(b) and (d). Plaintiffs TPV INTERNATIONAL (USA), INC. and ENVISION PERIPHERALS, INC. are California corporations. Plaintiff ENVISION PERIPHERALS, INC. has its headquarters in Alameda County, California. This action includes patent-based declaratory judgment claims arising from conduct occurring in or directed to Alameda County.

Doc. 7 ¶ 4. This generalized assertion, on its face, is insufficient to make a *prima facie* case that Inpro had relevant contacts with the forum. Moreover, the statement is inaccurate. Inpro did ***not*** take any actions related to the patents-in-suit "in or directed to Alameda County." Inpro has not taken any actions of any kind related to the patents-in-suit directed in or to Alameda County—or anywhere else—because Inpro has no interest in the patents at issue here. *See* Kopeikin Decl. at Exs. B & C. And TPV has not actually alleged any facts suggesting that non-resident Inpro has had germane minimum contacts with this forum, that exercise of jurisdiction over Inpro would not offend traditional notions of fair play and substantial justice, or that Inpro has conceded

personal jurisdiction regarding the underlying dispute. Nor can TPV come forward with competent evidence to make this *prima facie* showing now.

As even TPV must acknowledge, Inpro does not reside in California. *See* Doc. 7 ¶ 12; *see also* Kopeikin Decl. at Ex. C ¶ 2. Inpro is a Luxembourg SARL and a non-practicing entity, which does not maintain an office in California, has no employees in California, and does not regularly conduct business in California. *Id.* ¶ 5. Inpro has never been involved in ***any*** licensing activities related to the patents-in-suit—let alone any licensing activities directed at California.[11] *Id.* ¶ 6. Indeed, Inpro has not had any contacts of any kind with any California entity.

Inpro has no sustained connection with California. *Id.* ¶ 8. Therefore, TPV cannot reasonably suggest that Inpro has sufficient contacts with California such that "general jurisdiction" exists. *See Schwarzenegger*, 374 F.3d at 800 (explaining "exacting" nature of the standard). And because this declaratory judgment action does not arise out of or relate to either Defendant's contacts with California, there is no reasonable basis for arguing that Inpro (or Hitachi) is amenable to "specific jurisdiction" in this forum. *See, by contrast, Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350-51 (Fed. Cir. 2003) (finding plaintiff had made a *prima facie* case for specific jurisdiction against a Nevada patentee in California with evidence that patentee purposefully directed his activity toward California before suit was filed by (1) hiring a California patent lawyer that contacted the opposing party in California frequently to update them on the status of the patent application, (2) telephoning the opposing party in California regarding the subject matter of the patent frequently, and (3) sending representatives to the opposing party in California to demonstrate the invention); *see also Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (explaining test for establishing specific jurisdiction and finding insufficient contacts for specific jurisdiction to lie).

---

[11] A different entity, related to Inpro, attended a few mediations in California over the years as agent of a third party; but those mediations had nothing to do with this lawsuit or with any of the patents at issue here. Kopeikin Decl. at Ex. C ¶ 9. But even if Inpro had been to California for mediations (which it has not), such contacts are not relevant to the personal jurisdiction inquiry. The test for specific jurisdiction requires that the claim against the defendant be one which arises out of or relates to the defendant's forum-related activities "measured in terms of 'but for' causation." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000).

The dispute underlying this action does ***not*** arise out of either Defendant's contacts with this forum. Instead, this improper declaratory judgment action was merely a "race to the courthouse" intended to preempt a patent infringement suit by the actual patentees—HCE and HAD—and thereby deprive them of their chosen forum.[12] *See* Kopeikin Decl. at Ex. D. In any event, TPV cannot establish that Inpro has sufficient "minimum contacts" with California such that it is amenable to suit here. *See Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001); *see also LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 824 (N.D. Cal. 1992). Thus, subjecting Inpro to suit here would "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

## V. CONCLUSION

For the foregoing reasons, TPV's Complaint for Declaratory Judgment and First Amended Complaint for Declaratory Judgment fail to raise a justiciable case or controversy within the scope of this Court's Article III jurisdiction. Therefore, this case lacks subject matter jurisdiction and should be dismissed under Rule 12(b)(1). Moreover, all claims against Inpro should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

---

[12] Even if TPV had sued the correct parties here—which TPV did not do—this action would need to be dismissed under Federal Rule of Civil Procedure 12(b)(3). That is, courts routinely dismiss duplicative declaratory judgment claims filed for the improper purpose of preventing the plaintiff from filing its affirmative infringement claims in its chosen forum. *See, e.g., China Healthways Inst., Inc. v. Hsin Ten Enter. USA, Inc.*, 67 U.S.P.Q. 2d 1561, 1567-68 (C.D. Cal. Mar. 12, 2003) (finding defendant had filed declaratory judgment claims of noninfringement in its home forum for the improper purpose of forum-shopping); *Mediostream, Inc. v. Priddis Music, Inc.*, No. C 07-2127-PJH, 2007 WL 2790686, *2-3 (N.D. Cal. Sept. 24, 2007) (noting the Act "should not be invoked to deprive a plaintiff the choice of forum and timing" and finding declaratory judgment action filed in defendant's home forum to be an improper anticipatory suit); *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 666-67 (N.D. Cal. 2003) (dismissing declaratory judgment action filed by a party accused of copyright infringement to secure its choice of forum in anticipation of a suit by the copyright holder); *Mill Creek Press, Inc. v. Thomas Kinkade Co.*, 3:04-CV-1213-G, 2004 WL 2607987, *9 (N.D. Tex. Nov. 16, 2004) (finding declaratory judgment action had been filed "for the improper purpose of 'subverting the real plaintiff's advantage'" in anticipation of litigation and should be dismissed). Further, the correct parties—the patentees with an exclusive right to sue under the patents-in-suit—have already brought an infringement suit against TPV in the EDTX. *See* Kopeikin Decl. at Ex. D.

Dated: August 6, 2010

**DECHERT LLP**

By: /s/ Jill F. Kopeikin
Jill F. Kopeikin

Attorneys for Defendants HITACHI, LTD. and INPRO LICENSING SARL

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 6, 2010, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the MOTION TO DISMISS via the Court's CM/ECF system per Local Rule 5-4 and General Order 45. Any other counsel of record will be served by first class mail.

/s/ Jill F. Kopeikin
Jill F. Kopeikin