MARK A. SAMUELS (S.B. #107026)
msamuels@omm.com
NICHOLAS J. WHILT (S.B. #247738)
nwhilt@omm.com
ALAN D. TSE (S.B. #266273)
atse@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:     (213) 430-6000
Facsimile:     (213) 430-6407

Attorneys for Plaintiffs Top Victory Electronics (Taiwan) Co., Ltd., TPV International (USA), Inc., TPV Electronics (Fujian) Co., Ltd., Top Victory Electronics (Fujian) Co., Ltd., and Envision Peripherals, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TOP VICTORY ELECTRONICS (TAIWAN) CO., LTD., a Taiwanese corporation; TPV INTERNATIONAL (USA), INC., a California corporation; TPV ELECTRONICS (FUJIAN) CO., LTD., a Chinese corporation; TOP VICTORY ELECTRONICS (FUJIAN) CO., LTD., a Chinese corporation; and ENVISION PERIPHERALS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI, LTD., a Japanese corporation; INPRO LICENSING SARL, a Luxembourg SARL,<br><br>Defendants. | Case No.  CV 10-01579 CRB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Charles R. Breyer<br>Date:   September 24, 2010<br>Time:   10:00 am<br>Courtroom:  8 |

CV 10-01579 CRB

PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT, on September 24, 2010, at 10:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Charles R. Breyer, United States District Judge, sitting in Courtroom 8 of the United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Top Victory Electronics (Taiwan) Co., Ltd.; TPV International (USA), Inc.; TPV Electronics (Fujian) Co., Ltd.; Inc., Top Victory Electronics (Fujian) Co., Ltd.; and Envision Peripherals, Inc., (collectively, "TPV") will and do hereby respectfully move the Court for leave to file a Second Amended Complaint, attached hereto.

The Motion is brought pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and is made on the grounds that said amendment is in the interests of justice, is not futile, and will not prejudice the existing defendants or the parties whom TPV seeks to join as defendants in this action by amendment.

The Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, upon all pleadings and papers on file with the Court in this matter, and upon such further evidence and argument as may be presented at or before the hearing thereon.

Dated: August 20, 2010

MARK A. SAMUELS
NICHOLAS J. WHILT
ALAN D. TSE
O'MELVENY & MYERS LLP

By: */s/ Mark A. Samuels*
      Mark A. Samuels
Attorneys for Plaintiffs Top Victory Electronics (Taiwan) Co., Ltd., TPV International (USA), Inc., TPV Electronics (Fujian) Co., Ltd., Top Victory Electronics (Fujian) Co., Ltd., and Envision Peripherals, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

By this motion, TPV seeks to add the present owners of the patents-in-suit as party defendants. On April 14, 2010, TPV commenced this patent declaratory relief action against Hitachi, Ltd. ("Hitachi") based on the publicly available information at the United States Patent and Trademark Office ("USPTO") which showed Hitachi to be the owner of each of the patents-in-suit. The public record of the patents' ownership at the time was consistent with Hitachi's pre-litigation conduct, in which it asserted itself to be the patents' owner. TPV filed its First Amended Complaint on April 27, 2010, at which time Hitachi remained the record owner of the patents-in-suit.

On May 28, 2010, two weeks after Hitachi received actual notice of this lawsuit, Hitachi recorded three Assignments in the USPTO transferring all of its interest in the patents to its wholly-owned subsidiary, Hitachi Consumer Electronics Co., Ltd. ("HCE"). (Declaration of Nicholas J. Whilt in Support of Opposition to Motion to Dismiss ("Whilt Decl.," filed concurrently herewith) ¶¶ 5-7, Exs. 12-14.) As to one of the patents, Hitachi was apparently a co-owner with another of its wholly-owned subsidiaries, Hitachi Advanced Digital, Inc. ("HAD").[1] (*See* Whilt Decl. ¶ 4, Ex. 11.) Accordingly, TPV now seeks leave to amend the complaint to add HCE and HAD (together, the "Hitachi Subsidiaries") as additional defendants pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

TPV should be permitted to do so because (1) TPV did not unduly delay in seeking the proposed amendment; (2) the Hitachi Subsidiaries will not be prejudiced by TPV's proposed amendment; and (3) the amendment will not be "futile."

---

[1] Hitachi's ownership of both HCE and HAD is established by Hitachi's own admission. (*See* D.I. 20, Ex. B, Declaration of Tesuro Yokoo ¶¶ 2, 11.)

CV 10-01579 CRB — - 1 - — PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## II. ARGUMENT

### A. In the Ninth Circuit, Parties Are Allowed to Amend their Pleadings Absent a Substantial Showing of Undue Prejudice.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint. *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973). The Ninth Circuit[2] applies this policy with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The factors to be considered by the court "include the presence or absence of undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these, "the consideration of prejudice to the opposing party carries the greatest weight . . . . Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052 (emphasis in original). To oppose a motion for leave to amend on the basis of prejudice, the showing of prejudice must be substantial. *See Morongo*, 893 F.2d at 1079.

### B. There is No Undue Delay Because Hitachi Was the Actual and Record Owner of the patents-in-suit at the Inception of this Lawsuit.

Joinder of the Hitachi Subsidiaries is appropriate because they presently own the patents-in-suit, and acquired their interest in those patents subsequent to the commencement of this case. Hitachi's May 25, 2010 Assignments recorded in the USPTO make clear that Hitachi, by its own admission, was the owner of the patents-in-suit as of the date the complaint was filed. (Whilt Decl. ¶¶ 5-7, Exs. 12-14.) Thus, TPV has not delayed in amending its complaint to join the Hitachi Subsidiaries as declaratory relief defendants. Nor are other indicia of delay present that

---

[2] Although this is a patent case, Ninth Circuit law applies to this motion. Because joinder issues are not unique to patent law, the law of the regional circuit (here, the Ninth Circuit), not the Federal Circuit, applies. *See Insituform Techs., Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004).

1  would require denial of leave to amend. At this early stage, amending the complaint to join the

2  Hitachi Subsidiaries will not substantially complicate the case schedule, for instance, or

3  necessitate significant, additional discovery. *See Loehr v. Ventura County Community College*

4  *Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984); *Ixys Corp. v. Advanced Power Tech., Inc.*, No. C

5  02-03942 MHP, 2004 U.S. Dist. LEXIS 804 at *10-13 (N.D. Cal. Jan. 22, 2004). Where such

6  factors are not present, delay between the filing of the complaint and the amendment is, by itself,

7  insufficient to deny leave. *See Howey*, 481 F.2d at 1190 (finding delay of five years between

8  filing of third party complaint and motion to amend, without more, to be insufficient).

## C. There is No Undue Prejudice Because the Hitachi Subsidiaries Have Had Notice as Owners of the patents-in-suit.

Likewise, TPV's proposed amendment will cause no conceivable prejudice to the Hitachi Subsidiaries. This is not a case like *Morongo*, where there was prejudice because the proposed amendment to the complaint would have triggered a "radical shift in direction" in the case, *see* 893 F.2d at 1079; or *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990), where allowing an amended complaint would have forced the parties to re-litigate important issues. By contrast, this case is in its earliest stages; no answers have yet been filed, no discovery has occurred, and no case schedule has even been established. Moreover, as wholly-owned subsidiaries of defendant Hitachi, Ltd. and having acquired the patents-in-suit during the pendency of this case, it may fairly be inferred that the Hitachi Subsidiaries have had actual notice of this case since its very inception. And certainly they could expect to be joined to the lawsuit filed against their assignor-parent corporation.

## D. The Proposed Amendment is Not Futile Because Subject Matter Jurisdiction over Hitachi Has Existed Since the Inception of this Litigation.

A proposed amendment is "futile" only if, *under the amendment to the pleadings*, no set of facts can be proved that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (emphasis added); *Loehr*, 743 F.2d at 1319-20 (holding an attempt to plead frivolous and otherwise barred or unsupported claims to be

futile). In its pending Motion to Dismiss, Hitachi appears to argue that amending the complaint to join the Hitachi Subsidiaries as defendants would be futile because TPV cannot "create subject matter jurisdiction by trying to join the actual owner of the patents-in-suit at this juncture." (*See* D.I. 19 at 9 (citing *Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*, No. C 10-00129-JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010)).) TPV is not attempting to create subject matter jurisdiction where none exists. Information publicly available from the USPTO confirms that Hitachi was both the record owner, and the *actual* owner, of the patents-in-suit at the commencement of this litigation. (Whilt Decl. ¶¶ 2-4, Exs. 1-11; *id*. ¶¶ 5-7, Exs. 12-14.) Even if Hitachi had legitimately transferred the patents-in-suit to the Hitachi Subsidiaries before this lawsuit began, as it claims in its motion, Hitachi is still a proper party to these proceedings. Hitachi, as owner of the Hitachi Subsidiaries, is the equitable title holder of the patents-in-suit and has the ability to sue in equity to enforce those patents. *See, e.g., Arachnid, Inc. v. Merit Industries*, 939 F.2d 1574, 1580 (Fed. Cir. 1991); *Pipe Liners*, *Inc. v. American Pipe & Plastics, Inc.*, 893 F. Supp. 704, 706 (S.D. Tex. 1995); *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 388 F. Supp. 2d 37 (N.D.N.Y. 2005).[3] Accordingly, it has always been a proper party to this case, notwithstanding its supposed secret transfer of the patents in suit to the Hitachi Subsidiaries a year earlier. Thus, because subject matter jurisdiction has existed since the beginning of the case, joining the Hitachi Subsidiaries is appropriate. *See Enzo APA & Son, Inc. v. Geapag, A.G.*, 134 F.3d 1090, 1094 (Fed. Cir. 1998).

### III. CONCLUSION

As the present owners of the patents-in-suit, the Hitachi Subsidiaries have been aware, or should have been aware, that they might be joined to this litigation. Joining them will not result in unfair prejudice or litigation by ambush. For the foregoing reasons, TPV respectfully urges that this Court grant TPV leave to amend the complaint. TPV's proposed Second Amended Complaint is attached hereto.

---

[3] For a more complete exposition of Hitachi's status as an equitable title holder, TPV respectfully directs the Court to TPV's Opposition to Hitachi's Motion to Dismiss, filed concurrently herewith.

CV 10-01579 CRB     - 4 -     PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Dated: August 20, 2010

    MARK A. SAMUELS
    NICHOLAS J. WHILT
    ALAN D. TSE
    O'MELVENY & MYERS LLP

By: */s/ Mark A. Samuels*
    Mark A. Samuels

Attorneys for Plaintiffs Top Victory Electronics (Taiwan) Co., Ltd., TPV International (USA), Inc., TPV Electronics (Fujian) Co., Ltd., Top Victory Electronics (Fujian) Co., Ltd., and Envision Peripherals, Inc.

CV 10-01579 CRB — - 5 - — PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT