IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOP VICTORY ELECTRONICS,<br><br>    Plaintiff,<br><br>    v.<br><br>HITACHI LTD., et al.<br><br>    Defendants.<br>_____ / | No. C 10-01579 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Top Victory Electronics, Ltd., TPV Electronics, Co., Ltd., Top Victory Electronics, Co., Ltd., and Envision Peripherals, Inc. (collectively, TPV), brought this action for declaratory judgment of non-infringement of seven patents related to digital televisions. Defendants Hitachi, Ltd. (Hitachi) and Inpro Licensing SARL (Inpro) move to dismiss for lack of standing, and therefore lack of subject matter jurisdiction. Inpro also moves to dismiss for lack of personal jurisdiction. Plaintiff moves to enjoin an action involving the same patents filed by subsidiaries of Hitachi in the Eastern District of Texas, and moves for leave to file a second amended complaint here.

While the parties dispute ownership of the patents at issue, Defendants effectively show that they do not have legal title to the patents, and did not have legal title at the time the action was filed. Therefore standing is not proper under the Patent Act. Further, Plaintiff does not meet its burden to establish standing under an equitable title holder theory.

Accordingly, standing is not proper and the Court does not have subject matter jurisdiction. The Motion to Dismiss is thus GRANTED. The Motions to Enjoin and to Amend the Complaint are both DENIED.

## I. BACKGROUND

Hitachi assigned the patents at issue pursuant to a "Demerger Plan"[1] signed May 26, 2009. Demerger Agreement Translation (Doc. 33-9). The Demerger Plan became effective July 1, 2009, effectively transferring Hitachi's Consumer Business Group and assigning the patents at issue to Hitachi Consumer Electronics (HCE). Hitachi filed a translated copy of the Demerger Plan and a copy in the original Japanese as Exhibits to the Defendants' Opposition to the Motion to Enjoin, filed August 20, 2010. See Demerger Agreement Translation (Doc. 33-9); Demerger Agreement (Doc. 33-7). One of the patents is also owned in part by another Hitachi subsidiary, Hitachi Advanced Digital (HAD). See Mot. to Dismiss (Doc. 19) at 4. Importantly, neither of the subsidiaries to whom the patents are assigned, HCE and HAD, are defendants in this case.

Plaintiff filed this action on April 14, 2010, nearly a year after the Demerger Plan became effective. Plaintiff had reason to believe that Defendants owned the patents at issue, as a result of communications from representatives of Hitachi and Inpro regarding Plaintiff's use of the patents. Opp. to Mot. to Dismiss (Doc. 35) at 6; Chen. Decl. (Doc. 39 ), ¶ 3, Ex. 2. However, these potential misrepresentations are not material to legal ownership of the patents; ownership and assignment of patents is controlled by written agreements between assignor and assignee. See 35 U.S.C. § 261 (2006) (patent ownership may only be conveyed by written assignment).

Plaintiff cites Hitachi's notices of assignment, filed with the U.S. Patent and Trademark Office (USPTO) on May 25, 2010, as evidence that Hitachi was the owner of the patents at the time the action was filed. Opp. to Mot. to Dismiss (Doc. 35) at 5. The documents Hitachi filed with the USPTO state that Hitachi "is the owner" and that the

---

[1] The "Demerger Plan" refers to the legal agreement, executed under Japanese law, under which Hitachi spun-off its Consumer Business Group.

2

assignment of the patents "has been transferred." Notices of Assignment (Docs. 36-12, 36-13, 36-14). Hitachi concedes that the notices read as if Hitachi were still the owner as of May 25, 2010. See Second Decl. Yokoo (Doc. 50-1) ¶¶ 7-8 (indicating that Hitachi intends to amend the notices to clarify that the assignment became effective July 1, 2009). However, filing notice with the USPTO is not required for assignment to be effective, nor does it speak to the validity of the underlying assignment. See 35 U.S.C. § 261; 37 § C.F.R. 3.54 (2010); Manual of Patent Examining Procedure (MPEP) (8th ed. Rev. 8, Jul. 2010) §§ 301, 317.03. The underlying contract assigning the patents is the critical document. See 35 U.S.C. § 261. Plaintiff's characterization of Hitachi as the actual owner of the patents thus fails.[2]

Hitachi subsidiaries HCE and HAD filed suit against TPV and Vizio, another television manufacturer, on July 22, 2010 (three months after this action commenced) in the Eastern District of Texas.[3] <u>Hitachi Consumer Elecs. Co., Ltd. and Hitachi Advanced Digital, Inc. v. Top Victory Elecs. Co., et al.</u>, Civil Case No. 2:10-cv-260 (E.D. Tex.). On August 6, 2010, Defendant filed this Motion to Dismiss. Mot. to Dismiss (Doc. 19). Plaintiff also moved this Court to enjoin the Texas action on August 6, 2010 and moved for leave to amend on August 20, 2010 to add HCE and HAD as defendants. Mot. to Enjoin (Doc. 23); Mot. for Leave to Amend (Doc. 40).

## II. DISCUSSION

### A. Standing in Patent Matters under the Declaratory Judgment Act

Article III standing, requiring an actual case or controversy between parties, is necessary for a federal court to exercise jurisdiction over a matter. See U.S. Const. art. III, § 2; <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559 (1992). A matter must be dismissed if standing is not proper at the commencement of the suit. <u>Schreiber Foods, Inc. v. Beatrice</u>

---

[2] Plaintiff does not argue that Inpro, the other Defendant, owns the patent at issue. See Opp. to Mot. to Dismiss (Doc. 35) at 1-2.

[3] Defendants note that there is a third suit involving TPV and related patents pending in the Eastern District of Texas, filed before this suit. Mot. to Dismiss (Doc. 19) at 2-3 (discussing <u>Mondis Tech. Ltd. v. Top Victory Elecs., Co.., et al.</u>, Civil Case No. 2:08-cv-478 (E.D. Tex., filed Dec. 23, 2008)). As that suit does not presently involve the patents at issue here, and Hitachi, HCE, and HAD are not parties to that action, it is immaterial.

3

Cheese, Inc., 402 F.3d 1198, 1203 (Fed. Cir. 2005).  Standing is proper under the Declaratory Judgment Act, 28 U.S.C. § 2201 (2006), only if the court otherwise has jurisdiction.  Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1335 (Fed. Cir. 2008); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (the Act does not provide an independent basis for subject matter jurisdiction).  For declaratory actions, the proper test is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

In order for a plaintiff to have standing in a declaratory action involving allegations of patent infringement, the defendant must have a legal right in the patent at issue that would allow the defendant to bring suit for infringement.  See Fina Research, S.A. v. Baroid Ltd., 141 F.3d 1479, 1481 (Fed. Cir. 1998).  Only patentees, assignees, and exclusive licenses have standing to bring a suit for infringement.  See 35 U.S.C. § 281 (2006); Sicom Sys. Ltd. v. Agilent Techs., Inc., 427 F.3d 971, 976 (Fed. Cir. 2005).  A defect in standing at the time a case is filed "cannot be cured by the addition of a party with standing."  Schreiber Foods, 402 F.3d at 1203.  "The declaratory judgment plaintiff bears the burden of proving that there is an actual controversy."  Fina Research, 141 F.3d at 1481.

The Federal Circuit requires[4] that declaratory actions involving patent infringement allegations meet a two-prong test: "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity."  Fina Research, 141 F.3d at 1481.  The Federal Circuit has applied this test to find that standing is not proper in a declaratory judgment action where the defendant is a non-exclusive licensee.  See Fina

---

[4] The Federal Circuit is binding on district courts in matters of patent law, including jurisdictional matters.  See, e.g, Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1574 (Fed. Cir. 1984) (per curiam); DePuy, Inc. v. Zimmer Holdings, Inc., 384 F. Supp. 2d 1237, 1238 (N.D. Ill. 2005) (applying Federal Circuit precedent on standing in a patent infringement suit).

Research, 141 F.3d at 1481; Enzo APA & Son, Inc. v. Geapag A.G., 134 F.3d 1090, 1093-94 (Fed. Cir. 1998) (dismissing a declaratory judgment claim for failure to join a necessary party, where a non-exclusive licensee defendant, who asserted a counterclaim of infringement, lacked standing).  More generally, the Federal Circuit found "no actual controversy between [parties] that would support jurisdiction under the Declaratory Judgment Act," and thus no standing, where defendants in a declaratory action have "no legal interest [in the patents at issue] and therefore could not bring suit for patent infringement."  Fina Research, 141 F.3d at 1480-81 (summarizing a nonprecedential decision); accord GMP Techs., LLC v. Zicam, LLC, 2009 WL 5064762, at *2 (N.D. Ill. Dec. 9, 2009).  This reasoning follows from the test itself, which refers to the "patentee" and threat of an infringement suit, which can only be properly brought by a patent owner, assignee, or exclusive licensee.  See Sicom Sys., 427 F.3d at 976; Fina Research, 141 F.3d at 1481.  A declaratory judgment action must be dismissed for lack of standing if the plaintiff fails to name the patent owner, assignee, or exclusive licensee, even if the plaintiff was led to believe that the named defendant was in fact the patent owner.  See Newmatic Sound Systems, Inc. v. Magnacoustics, Inc., No. C. 10-00129, 2010 WL 1691862, at *4 (N.D. Cal. Apr. 23, 2010).

Accordingly, standing is not proper for legal claims arising under the Patent Act as neither Defendant was an owner, assignee, or exclusive licensee of the patents when the action was filed in April, 2010.  As discussed above, Hitachi assigned the patents to its subsidiary HCE effective July 1, 2009.  See Demerger Agreement Translation (Doc. 33-9).  Further, Hitachi did not retain any ownership interest or an exclusive license upon transfer, nor was ownership transferred to Inpro.  Id.  Therefore, this Court does not have jurisdiction over requests for relief under the Patent Act.

**B.    Standing for Equitable Title Holders of a Patent**

While the Federal Circuit has been clear that ownership, assignment, or an exclusive license are required for legal remedies, it has indicated that in some circumstances an equitable owner without legal title may pursue equitable remedies.  See Arachnid, Inc. v.

5

1  Merit Indus., Inc., 939 F.2d 1574, 1578-80 (Fed. Cir. 1991) (discussing possibility of a court
2  having jurisdiction over claims for equitable relief by an equitable title holder of a patent,
3  emphasizing that an equitable title holder cannot seek damages or other remedies at law
4  under the Patent Act).  The court defined an equitable title as "the beneficial interest of one
5  person whom equity regards as the real owner, although the legal title is vested in another."
6  Id. at 1578 n.3.

7        One district court has found that the parent of a patent-holding subsidiary can be an
8  equitable title holder to the patent, with standing to seek equitable remedies.  See Pipe
9  Liners, Inc. v. Am. Pipe & Plastics, Inc., 893 F. Supp. 704, 706 (S.D. Tex. 1995) (finding
10  standing was proper where a parent owned a patent-holder subsidiary, where the matter
11  would proceed regardless of whether the parent were joined as plaintiff).

12        Other district courts have declined to follow this reasoning, however, instead holding
13  that "a parent [corporation] does not have equitable title in a patent solely by virtue of its
14  ownership of the subsidiary."  Steelcase, Inc. v. Smart Techs., Inc., 336 F. Supp. 2d 714, 719
15  (W.D. Mich. 2004); accord Beam Laser Sys., Inc. v. Cox Commc'ns., Inc., 117 F. Supp. 2d.
16  515, 520-21, 520 n.6 (E.D. Va. 2000) (noting that the Federal Circuit has only recognized
17  equitable title to a patent in a matter involving a contract assigning patent rights to an
18  invention that had yet to be discovered at the time the contract was formed).

19        That a corporate parent's subsidiary owns a patent is not enough to establish that the
20  parent has rights in the subsidiary's patents.  See Spine Solutions, Inc. v. Medtronic Sofamor
21  Danek USA, Inc., 620 F.3d 1305, 1317-18 (Fed. Cir. 2010) (holding that where nothing in
22  the record indicated that the parent was an exclusive licensee of the patent, the court could
23  not exercise jurisdiction over the parent).  And the Federal Circuit has not held that a
24  corporate parent inherently owns equitable title in a subsidiary's patents.  See Beam Laser
25  Sys., 117 F. Supp. 2d at 520 n.6.  Moreover, corporate law sets clear boundaries between
26  parents and subsidiaries.  See Quantum Corp. v. Riverbed Tech., Inc., No. C. 07-04161, 2008
27  WL 314490, at *1-3 (N.D. Cal. Feb. 4, 2008); Steelcase, 336 F. Supp. 2d at 719; Beam Laser
28  Sys., 117 F. Supp. 2d at 519-20.  This Court has held that even if the companies are closely

United States District Court
For the Northern District of California

operated and the parent purports to act on behalf of the subsidiary, a parent does not have standing in a suit involving patents held by a subsidiary without a showing that boundaries between the corporations have been breached. See Quantum, No. C 07-04161, 2008 WL 314490, at *1-3 (N.D. Cal. Feb. 4, 2008) (parent did not have standing in such circumstances where there was no written assignment and no showing that parent was the alter ego of subsidiary).

Plaintiff's assertion that Hitachi, as the corporate parent of the actual patent-holders HCE and HAD, is an equitable title holder to the patents, is therefore insufficient to establish standing. See Opp. to Mot. to Dismiss (Doc. 35) at 4, 9. Plaintiff only alleges that Hitachi is the equitable title holder because the companies are "closely intertwined by virtue of their parent/subsidiary relationship" and because Hitachi "stands to materially gain, or lose," as a result of this action. Opp. to Mot. to Dismiss (Doc. 35) at 10-11. This does not meet the Plaintiff's burden to establish standing.

## III. CONCLUSION

Plaintiff has failed to meet its burden to establish standing, by failing to bring suit against the actual owners of the patents at issue. Standing is not proper now and was not proper when the suit was filed. A lack of standing cannot be cured by adding a party with standing. Schreiber Foods, 402 F.3d at 1203. The Motion to Dismiss is therefore GRANTED, without prejudice. As the Court lacks jurisdiction over this case, the Motions to Enjoin and to Amend the Complaint are both DENIED.

**IT IS SO ORDERED.**

Dated: November 15, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE